Curia, per O’Neall, J.
The 4th sec. of the Act of 1791, 5 Stat. 162, provides that “if the intestate shall not leave a lineal desendant, father or mother, but shall leave a widow, and brothers and sisters, or brother or sister, of the xohole blood, the widow shall be entitled to one moiety of the estate, and the brothers and sisters, or brother or sister, to the other moiety, as tenants in common. The children of a deceased brother or sister shall take among them respectively the share which their respective ancestors would have been entitled to, had they survived the intestate.”
*62 The 5th sec. provides. “If the intestate shall leave no lineal descendant, father, mother, brother or sister of the whole blood, but shall leave a widow, and a brother or sister of the half blood, and a child or children of a brother or sister of the whole blood, the widow shall take one moiety of the estate, and the other moiety shall be equally divided between the brothers and sisters of the half blood, and the children of the brothers and sisters of the whole blood. The children of every deceased brother or sister of the whole blood taking among them a share equal to the share of a brother or sister of the half blood. But if there be no brother or sister of the half blood, then a moiety of the estate shall descend to the child or children of the deceased brother or sister ; and if there be no child of a deceased brother or sister of the whole blood, then the said moiety shall descend to the brothers and sisters of the half blood.”
The 7th sec. provides “If the intestate shall leave no lineal descendant, father, mother, brother or sister of the whole blood, or their children, or brother or sister of the half blood, or lineal ancestor, then the widow shall take two thirds of the estate, and the remainder shall descend to the next of kin.”
In Wren & wife vs. Carnes, 4 Des. 405, it was held, on the provisions both of the Act of ’91 and the amenda-tory Act of 1797, 5 Stat. 304, that the words, brothers and sisters, used in both Acts, meant brothers and sisters of the whole blood, and excluded brothers and sisters of the half blood. The case of Poaug ads. Gadsden, 2 Bay, 293, decided that there shall be no representation among collater-als further down than brothers’ and sisters’ children. This decision excluded the grand children of collaterals. In Edwards vs. Barksdale, 2 Hill Ch. 416, it was held that in a question who were the next of kin of an intestate, cousins of the whole and half blood would be ranked in the same degree.
These cases, and others on the same points, are all which approach the question now before us, and it is apparent that they will not materially aid us in its decision.
The case must be decided on the provisions of the Act *63 of ’91. Reading the 4th, 5th and 7th sections, it seems to be perfectly obvious that no representation was intended to be allowed to the children of a deceased half brother or sister. The words in the 4th clause, “the children of a deceased brother or sister,” apply to the words previously used in the same section, '“brother or sister of the whole blood,” and for whose benefit provision was alone made. In the 5th section the provision is made to put brothers and sisters of the half blood and the children of a deceased brother or sister of the whole blood on the same footing. And if there be no children of a deceased brother or sister of the whole blood, then that brothers and sisters of the half blood shall take the inheritance. The 7th sec. provides, that on the failure of brothers and sisters of the whole blood and their children, and of brothers and sisters of the half blood, the inheritance shall go to the next of kin. It is plain that there- was no intention to provide for the children of brothers and sisters of the half blood, as a class to take -per stirpes. For the Legislature, when providing for brothers’ and sisters’ children of the whole blood, and also for brothers and sisters of the half blood, carefully abstain from bringing in their children. If .the words of the Act do not let them in, it cannot be doubted that they have no rights. The Act provides for half brothers and sisters, where there are no brothers or sisters, or children of brothers or sisters, of the whole blood. That contingency has happened in the case before the court. If there had been also no brother or sister of the half blood, then, under the 7th section, the children of a deceased half brother or sister would have come in as next of kin. This construction has the sanction of a great and learned judge, (Brevard.) See his note to 1 Brev. Dig. 426. “The Act,” he says, “has made no special provision for the half blood after brothers and sisters. They must come to the succession under the denomination of next of kin.”
I am therefore entirely satisfied with the judgment below of my brother Wardlaw, and the motion to reverse it is dismissed.
Richardson, Evans, Butler, Wardlaw and Frost, JJ. concurred.